J-S33019-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MARVIN KENNEDY, | : | |
| | : | |
| Appellant | : | No. 411 EDA 2014 |

Appeal from the Judgment of Sentence January 13, 2014,
Court of Common Pleas, Philadelphia County,
Criminal Division at No. CP-51-CR-0002282-2013

BEFORE:  FORD ELLIOTT, P.J.E., DONOHUE and LAZARUS, JJ.

MEMORANDUM BY DONOHUE, J.:                    **FILED JUNE 8, 2015**

Marvin Kennedy ("Kennedy") appeals from the January 13, 2014 judgment of sentence entered by the Philadelphia County Court of Common Pleas following his conviction of possession of a controlled substance with intent to deliver ("PWID").[1]  Counsel for Kennedy has filed an ***Anders***[2] brief and a motion to withdraw, and Kennedy filed a pro se response thereto. Upon review, we affirm and grant counsel's request to withdraw.

The trial court aptly summarized the testimony adduced at trial as follows:

> At a waiver trial on November 6, 2013, Police Officer Kenneth Long of the Narcotics Strike Force testified that his tour of duty brought him to the

---

[1]  35 P.S. § 780-113(a)(30).

[2]  ***Anders v. California***, 386 U.S. 738 (1967); ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).

2500 block of North Colorado Street at approximately 10:30 [a.m.] on October 30, 2012. (N.T. Trial, 11/6/13, [at] 9, 10). Officer Long and his partner, Officer Myles, set up a plain-clothes surveillance for illegal sales of narcotics. ([*Id.* at] 10). Officer Long testified that it had been raining on and off that day and that it was gray outside, but there was adequate light. ([*Id.* at] 15). Officer Long testified that through the rear of his unmarked vehicle, he observed [Kennedy] engaged in a conversation with an unknown male wearing a black quilted jacket. ([*Id.* at] 10, 15). The unknown male handed United States currency to [Kennedy]. ([*Id.* at] 10). Officer Long saw [Kennedy] reach into his waistband where he removed a clear plastic bag and removed items from the bag and engaged in a hand-to-hand transaction with the unknown male who then left the area. ([*Id.* at] 11). Officer Long then gave flash information about the unknown male to backup officers but he was not located in the area. ([*Id.* at] 11).

Approximately five minutes later, Officer Long observed a male, later identified as Michael Woodson, approach the corner of Colorado and Cumberland where he engaged in a brief conversation with [Kennedy] and handed [Kennedy] United States currency in exchange for items. ([*Id.* at] 11). Again, Officer Long issued flash information to backup officers. ([*Id.* at] 11). Officer Paul Abfaza testified that he was in full uniform working as backup to Officer Long that day, and that based on flash information received from Officer Long, he stopped Mr. Woodson. ([*Id.* at] 19). Upon stopping Mr. Woodson, Officer Abfaza recovered four green plastic packets containing what was later identified as crack cocaine from the right front jacket pocket of Mr. Woodson. ([*Id.* at] 19-20).

Officer Long continued to observe [Kennedy], and at approximately 10:50 a.m., a black female, later identified as Jacqueline Johnson, approached the comer of Colorado and Cumberland Streets ([*Id.* at]

12). Ms. Johnson had a brief conversation with [Kennedy] and handed him United States currency. ([*Id.* at] 12). [Kennedy] reached into his waistband and handed Ms. Johnson an item. ([*Id.* at] 12). Officer Long issued flash information for Ms. Johnson. ([*Id.* at] 12). Police Officer Wayne Taylor testified that he was on duty and served as backup to Officer Long's surveillance on October 30, 2012. ([*Id.* at] 21). After receiving flash information from Officer Long, Officer Taylor came in contact with Ms. Johnson who was walking down Colorado Street toward Cumberland Street and then made a left turn on Cumberland. ([*Id.* at] 21, 22). Upon seeing Officers Taylor and Washington coming down the street, Ms. Johnson made a motion that indicated to the officers that she threw something in her mouth. ([*Id.* at] 22). Shortly after coming in contact with the officers, Ms. Johnson complained of having asthma and that she could not breathe. ([*Id.* at] 22). Ms. Johnson then became unresponsive and the officers called rescue. ([*Id.* at] 22). While the rescue team worked on her, the officers remained with her in the medic transport vehicle and observed the rescue workers use forceps to remove a plastic sandwich bag that was resting on her larynx which was preventing her from breathing. ([*Id.* at] 23). Five green tinted plastic packets containing crack cocaine were turned over to the officers. ([*Id.* at] 23).

Officer Long testified that after he witnessed what he believed to be several narcotics transactions, [Kennedy] was stopped and arrested by Officer Mauricio Rodriguez. ([*Id.* at] 12). Officer Long testified that at arrest, he positively identified [Kennedy] as the individual he observed engaging in the hand-to-hand transactions. ([*Id.* at] 12). At the time of identification, he observed that [Kennedy] was still wearing a tan jacket and tan cargo pants, the same clothing he saw [Kennedy] wearing during the alleged transactions. ([*Id.* at] 15). He also testified that he never saw [Kennedy] leave prior to arrest. ([*Id.* at] 15). Officer Rodriguez prepared a

75-229 (Biographical Information Report) upon arrest and indicated that [Kennedy] was wearing a blue hooded sweatshirt, a green jacket, and a pair of green cargo pants ([*Id.* at] 28). Recovered from [Kennedy] was $190 in United States currency[FN]1. ([*Id.* at] 28). Officer Rodriguez testified that he was present when Officer Long positively identified [Kennedy] as the individual he observed that day ([*Id.* at] 30).

[Kennedy] and the Commonwealth stipulated that if [Kennedy]'s wife, Michelle Pierce, was called to testify, she would have testified that she gave [Kennedy] $190 that day to buy candy and items for his family also related to Halloween coming up at the comer store, that they live together, that she gave him money that day, and that she is employed. ([*Id.* at] 31). The Commonwealth then recalled Officer Rodriguez to the stand and he testified that [Kennedy] provided all information on the 75-229 and that [Kennedy] indicated his marital status as "single". ([*Id.* at] 33). Finally, Officer Rodriguez testified that [Kennedy] also indicated on the 75-229 that he resided with his aunt, Gwendolyn Kennedy. ([*Id.* at] 33).

_____

[FN]1 $190 USC recovered in the form of two (2) $20 bills, twelve (12) $10 bills, two (2) $5 bills, and twenty (20) $1 bills and was place on Property Receipt #3070176. [The notes of testimony from trial erroneously state that Officer Rodriguez testified that he recovered "$109" from Kennedy. Based on Officer Rodriguez' specific testimony as to the denominations recovered from Kennedy, this was clearly a typographical error.]

Trial Court Opinion, 9/19/14, at 2-4 (footnote in the original).

The trial court found Kennedy guilty of PWID and not guilty of possession of a controlled substance. On January 13, 2014, the trial court sentenced Kennedy to eighteen to thirty-six months of incarceration followed

by three years of probation. Kennedy did not file any post-sentence motions, but filed a timely notice of appeal on February 3, 2014. Counsel has filed an ***Anders*** brief and Kennedy filed a pro se response, raising issues that he believes are non-frivolous and warrant relief.

Before we address the merits of Kennedy's appeal, we must discern whether counsel has complied with ***Anders*** and ***Santiago***:

> The request by appointed counsel to withdraw pursuant to ***Anders*** triggers specific requirements, certain of which apply to appointed counsel and others to the court to which appointed counsel makes his or her request for withdrawal. These requirements and the significant protection they provide to an ***Anders*** appellant arise because a criminal defendant has a constitutional right to a direct appeal and to counsel on that appeal. ***Commonwealth v. Woods***, 939 A.2d 896, 898 (Pa. Super. 2007). This Court has summarized these requirements as follows:
>
> > Direct appeal counsel seeking to withdraw under ***Anders*** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an ***Anders*** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.
> >
> > ***Anders*** counsel must also provide a copy of the ***Anders*** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed pro se or raise any additional points worthy of this Court's attention.
>
> ***Id.*** (citations omitted).

There are also requirements as to the precise content of an *Anders* brief:

[T]he *Anders* brief that accompanies court-appointed counsel's petition to withdraw ... must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

*Commonwealth v. Flowers*, __ A.3d __, 2015 WL 1612010, **1-2 (Pa. Super. Apr. 10, 2015).

Our review of counsel's *Anders* brief and petition to withdraw confirms that he complied with the foregoing requirements. We therefore turn to review the issue raised in counsel's *Anders* brief, which Kennedy likewise raises in his pro se response: "Where the Commonwealth's evidence of an alleged drug transaction was based on inconsistent and incredible testimony from the police officer, constituting a misidentification of [Kennedy] as the drug seller, was a guilty verdict based on such evidence speculative and conjectural that cannot sustain the verdict?" *Anders* Brief at 3; *see also* Pro Se Response at 3-4.

Both counsel and Kennedy frame this issue as a challenge to the sufficiency of the evidence. **Anders** Brief at 10-11; Pro Se Response at 3. The arguments presented in support of their claims solely address Officer Long's credibility, however, and is therefore a challenge to the weight of the evidence to support Kennedy's conviction, not its sufficiency.[3] **See Commonwealth v. Melvin**, 103 A.3d 1, 43 (Pa. Super. 2014) ("An argument regarding the credibility of a witness'[] testimony goes to the weight of the evidence, not the sufficiency of the evidence."). It is well-settled law that an appellant must preserve a challenge to the weight of the evidence before the trial court either at sentencing or in a post-sentence motion. Pa.R.Crim.P. 607(A); **Commonwealth v. Thompson**, 93 A.3d 478, 490 (Pa. Super. 2014). Kennedy failed to do so, and as such, this argument is waived on appeal, rendering it frivolous.

_____

[3] Specifically, Kennedy asserts in his pro se response that the trial court should not have believed Officer Long's testimony that he observed Kennedy reach into his waistband, with "a lot of people in [the officer's] line of sight," where Officer Long had only a profile view of the transactions. Pro Se Response at 3. According to Kennedy, it was likewise not believable that Officer Long could have seen these transactions on the day in question because that was the day Hurricane Sandy struck, and Officer Long was observing the transactions through the tinted rear window of his vehicle. **Id.** at 4. He further states that Officer Long gave an inaccurate description of Kennedy's clothing and "never testified to [his] height, race, age, [or facial hair," but overlooks the fact that Officer Long identified Kennedy at the time of his arrest and at trial. **Id.** at 5.

For purposes of completeness, we note that the Commonwealth presented sufficient evidence to convict Kennedy of PWID. The Controlled Substance, Drug, Device and Cosmetic Act defines PWID as follows:

> Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.

35 P.S. § 780-113(a)(30). The evidence presented at trial, as recited hereinabove, viewed in the light most favorable to the Commonwealth as our standard of review requires, circumstantially proved that Kennedy was in possession of the crack cocaine and distributed it to Mr. Woodson and Ms. Johnson.[4]

Kennedy further baldly states, without any supporting argument, that the police lacked probable cause to arrest him. Pro Se Response at 5. The

---

[4] Appellate review of a challenge to the sufficiency of the evidence is de novo. **Commonwealth v. Rushing**, 99 A.3d 416, 420 (Pa. 2014). "[O]ur scope of review is limited to considering the evidence of record, and all reasonable inferences arising therefrom, viewed in the light most favorable to the Commonwealth as the verdict winner." **Id.** at 420-21. "The Commonwealth may sustain its burden by means of wholly circumstantial evidence." **Commonwealth v. Martin**, 101 A.3d 706, 718 (Pa. 2014) (citation and quotation omitted). "Further, we note that the entire trial record is evaluated and all evidence received against the defendant is considered, being cognizant that the trier of fact is free to believe all, part, or none of the evidence." **Id.** It is for the finder of fact to pass upon the credibility of the witnesses and weight of the evidence presented. **Melvin**, 103 A.3d at 40.

failure to develop any argument in support of this assertion renders the claim unreviewable. ***Commonwealth v. Veon***, 109 A.3d 754, 774 (Pa. Super. 2015); ***see also Commonwealth v. Samuel***, 102 A.3d 1001, 1005 (Pa. Super. 2014) ("this Court will not become counsel for an appellant and develop arguments on an appellant's behalf"). Nonetheless, as the trial court found that Officer Long credibly testified that he observed Kennedy engage in drug transactions, we conclude that the police had ample probable cause to arrest Kennedy. The argument is frivolous.

Kennedy also appears to challenge the trial court's failure to decide pro se pretrial motions he filed while represented by counsel.[5] Pro Se Response at 4. Our Supreme Court has made clear that a criminal defendant does not have the "right to hybrid representation either at trial or on appeal." ***Commonwealth v. Ellis***, 534 Pa. 176, 180, 626 A.2d 1137, 1139 (1993); ***see also Commonwealth v. Jette***, 611 Pa. 166, 23 A.3d 1032, 1044 (2011) (reaffirming its holding in ***Ellis*** and stating that "the proper response to any pro se pleading is to refer the pleading to counsel, and to take no further action on the pro se pleading unless counsel forwards a motion"). As such, Kennedy's claim that trial court erred by failing to rule on his pro se motions that he filed while represented by counsel is frivolous.

---

[5] The record reflects that Kennedy, pro se, filed a petition for writ of habeas corpus, suppression motion, a motion to dismiss the charges against him, motion for discovery and a motion to quash. The trial court did not rule on any of his pro se motions.

Lastly, Kennedy assails counsel's representation of him in this matter. Pro Se Response at 1. Our Supreme Court has made clear, however, that absent certain circumstances not present in the case at bar, we are unable to review claims of ineffective assistance of counsel on direct appeal. *Commonwealth v. Holmes*, 79 A.3d 562, 577-80 (Pa. 2013).

The issues raised by counsel in his *Anders* brief and Kennedy in his pro se response are frivolous. We have conducted an independent review of the record and have found no additional, non-frivolous issues that counsel could have raised on Kennedy's behalf. As such, we affirm the judgment of sentence and grant counsel's motion to withdraw.

Judgment of sentence affirmed. Motion to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/8/2015

- 10 -